# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2024

Lyle W. Cayce
Clerk

_____

No. 22-10433

_____

Luke Hogan, *on behalf of himself and other individuals similarly situated*,

*Plaintiff—Appellant*,

*versus*

Southern Methodist University, *and other affiliated entities and individuals*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2899

_____

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Luke Hogan, a student at Southern Methodist University ("SMU"), sued for breach of contract after SMU moved classes online in response to the COVID-19 pandemic. The district court held that Hogan failed to plead a breach-of-contract claim and, alternatively, that Hogan's claim was foreclosed by Texas's Pandemic Liability Protection Act ("PLPA").

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10433

Enacted after the actions challenged in this case, the PLPA immunizes educational institutions from "damages or equitable monetary relief arising from a cancellation or modification of a course, program, or activity" if "the cancellation or modification arose during a pandemic emergency and was caused, in whole or in part, by the emergency." Tex. Civ. Prac. & Rem. Code § 148.004(b).

In a prior decision, we reversed the district court's breach-of-contract ruling as inconsistent with our precedent. *See Hogan v. S. Methodist Univ.*, 74 F.4th 371, 375 (5th Cir. 2023) (citing *King v. Baylor Univ.*, 46 F.4th 344 (5th Cir. 2022)). We then certified to the Texas Supreme Court this question:

> Does the application of the Pandemic Liability Protection Act to Hogan's breach-of-contract claim violate the retroactivity clause in article I, section 16 of the Texas Constitution?

*Id.* at 378. (5th Cir. 2023). The supreme court has now answered the certified question in the negative, holding that the PLPA does not violate the Texas Constitution's retroactivity clause. *Hogan v. S. Methodist Univ.*, --- S.W.3d ---, 2024 WL 1819826, at *2 (Tex. Apr. 26, 2024).

The Texas Supreme Court's decision on this question of state constitutional law is binding on us. *See Hogan*, 46 F.4th at 378 (noting the supreme court's decision "will be binding on our court"). We must therefore hold that PLPA forecloses Hogan's claims. Hogan seeks compensatory damages, disgorgement, and other "equitable monetary relief" for SMU's pandemic-related reduction in services, all of which fall squarely within the PLPA's prohibition. Tex. Civ. Prac. & Rem. Code § 148.004(b). Accordingly, the district court's judgment is

AFFIRMED.